IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD MOLINA,

      Plaintiff(s),

 vs.                                                    CIVIL NO.04-833 WDS/RLP

FERRELLGAS,

      Defendant(s).

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Ferrellgas' Motion for Summary Judgment (Docket No. 18). In his complaint Plaintiff alleges that he was unlawfully fired because of his race or national origin and that the firing constituted a breach of contract.

The undisputed facts appear to be as follows. Plaintiff, who is Hispanic, worked for Defendant for approximately 10 years in a supervisory position. Beginning in 1999 some problems began with respect to Plaintiff's performance. These problems continued until his discharge in December 2003. While Plaintiff makes some excuses for some of the deficiencies, he does not dispute the factual nature of the problems within his district. (See Statement of Undisputed Facts and Response to Undisputed Facts Nos. 9, 10, 12-15, and 17-21). As an example, in late 2002 management noted serious safety violations in that the company's propane trucks had been left unsupervised in an unlocked storage yard with the keys in them (Fact No. 14). Plaintiff's response indicated that he had never noticed these violations in the past nor had they been reported to him. A safety inspection in August 2003, found numerous safety violations,

to include employees delivering propane who had not been trained or licensed as required by company policy and state law (Fact No. 18).  Plaintiff's response objected to the fact that the inspection occurred when he was on leave and that previous inspections had not noted this problem.  In neither case did Plaintiff deny the violations.

In support of his claim of discrimination Plaintiff notes his employment for ten years and the successes he had.  On the specific issue of discrimination Plaintiff alleges that a Ferrellgas employee told him that Plaintiff's supervisor, Mr. Warnell, did not like Mexicans.   (See Plaintiff's Statement of Undisputed Facts No. 7).  Plaintiff also states that Warnell once called him "dumb and stupid", which Plaintiff understood to be a racial comment.  (See  Plaintiff's Statement of Undisputed Facts No. 8).   There are no additional facts cited by Plaintiff in support his racial discrimination claim.

Under *English v. Colorado Department of Corrections,* 248 F.3d 1002 (10th Cir. 2001), to meet his prima facie burden a plaintiff in a discriminatory discharge case must show that he belongs to a protected class, that he was qualified to do his job, that despite his qualifications he was discharged,  and that the job was not eliminated after his discharge.  Other decisions combine the job qualification elements and add a requirement that plaintiff show that he was terminated under circumstances giving rise to an inference of discrimination.  See *Salquero v. City of Clovis*, 366 F.3d 1168 (10th Cir. 2004).  The element at  issue in this case concerns his job performance, as he is a member of a protected class.  While there is a great deal of evidence that Plaintiff was not doing his job, the fact that he held the position for ten years is sufficient to raise an inference of satisfactory performance to meet his prima facie burden.  Once Plaintiff meets his burden, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge.  The Defendant has articulated a long list of deficiencies in Plaintiff's job performance,

to include serious safety deficiencies, which clearly satisfies its burden to show a legitimate, nondiscriminatory basis for Plaintiff's firing.  As noted above, while Plaintiff may quibble about some of the deficiencies, he does not deny them.  Under the *English* case, once Defendant has met its burden, the burden again shifts back to the Plaintiff.  Plaintiff is then required to show that Defendant's reasons for discharge are merely a pretext concealing intentional racial discrimination.

Plaintiff's proof on this issue is non-existent.  Plaintiff's only two allegations on this point are, as noted above, that an unidentified employee of Defendant told him that Warnell did not like Mexicans and that Warnell once told Plaintiff that he was "dumb and stupid".  The first piece of "evidence" is inadmissible hearsay.  The second incident, which Defendant acknowledges, resulted in the company counseling Warnell about his management style.  Calling someone "dumb and stupid", however, does not, standing alone, constitute a racial slur.  See *Davis v. U.S. Postal Service,* 142 F.3d 1334, 1341 (10th Cir. 1998).  Plaintiff's subjective belief that the comment was a reference to a stereotype of Mexicans is not sufficient. There is no objective evidence presented which would allow a jury to similarly find.  In Defendant's briefs reference is made to certain allegations by Plaintiff of disparate treatment by Defendant, but none of the allegations appear to be based upon personal knowledge and Defendant does not raise them in opposition to this motion for summary judgment.  The Court, therefore, need not address them here.

In the Court's opinion Plaintiff has not met his burden to show that Defendant's reasons for discharge are a mere pretext concealing intentional racial discrimination.  No jury could lawfully find unlawful discrimination in the firing of Plaintiff under the evidence produced by Plaintiff.  Accordingly, the Court will grant Defendant's motion as to the racial discrimination claim.

Plaintiff also raises a breach of contract claim.  Defendant argues in its motion that Plaintiff was an employee "at will".  Defendant supports that argument with excerpts from the employee handbook which clearly state that the employment is "at will".  Defendant also points to Plaintiff's written acceptance of employment wherein it states that either side may terminate for any reason at any time without previous notice.  Plaintiff does not dispute any of the facts cited by Defendant, nor does he set out any additional facts of his own on this issue.  The only factual allegation on his behalf is cited by Defendant, that being that Plaintiff claims that he was told at some point that no one could be fired without the approval of a Mr. Benedict and only after a warning had been issued and the employee had been given an opportunity to correct the problem.  (See Defendant's Statement of Undisputed Facts No. 34).  As Defendant points out, the employee handbook states no one other than the CEO has authority to make any such employment promises.   Plaintiff cites to no facts or other material which refute the material produced by Defendant in support of the "at will " nature of Plaintiff's employment.  In the Court's opinion the uncontradicted evidence produced by Defendant proves the fact of an "at will" employment relationship between Plaintiff and Defendant.  No evidence produced by Plaintiff gives rise to any reasonable expectation that he was other than an "at will" employee.  Accordingly, the Court will grant Defendant's motion for summary judgment on the breach of contract claims.

IT IS THEREFORE ORDERED that Defendant Ferrellgas' Motion for Summary Judgment (Docket No. 18) is granted as to all claims.

                                                                  **W. DANIEL SCHNEIDER**
                                                                  **United States Magistrate Judge**

Case 1:04-cv-00833-WDS-RLP   Document 23   Filed 05/27/05   Page 6 of 6